# G O D D A R D L A W P L L C

39 Broadway, Suite 1540 | New York, NY 10006
Office. 646.964.1178
Fax. 212.208.2914
Megan@goddardlawnyc.com
WWW.GODDARDLAWNYC.COM



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/26/2026


**MEMORANDUM ENDORSED**

October 23, 2026

**VIA ECF**
Honorable Gregory H. Woods
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Lauren Berkley v. Raymond A. Mirra, Jr., et al.,**
**Case No. 1:26-cv-08899-GHW**

Dear Judge Woods:

We represent Plaintiff Lauren Berkley ("Plaintiff") and write, pursuant to Rules 1(A) and 1(E) of Your Honor's Individual Rules of Practice in Civil Cases, to respectfully request a stay of this action, including Plaintiff's November 6, 2026 deadline to file a complaint (ECF No. 4), until a decision is made in the United States District Court for the Eastern District of Pennsylvania on whether the releases in the parties' settlement agreements are enforceable. In the alternative, Plaintiff requests a 90-day stay or a 60-day adjournment of the filing deadline for the complaint, to January 5, 2027. Plaintiff also requests that Defendants' motion to transfer (ECF Nos. 9–11) be held in abeyance during any stay or, alternatively, that her time to oppose it be extended by two weeks. Lastly, Plaintiff requests that the Court order Defendants to submit the agreements for in-camera review, so that the Court may decide these requests and Defendants' motion on the basis of the agreements' actual terms.

The threshold issue of the enforceability of the releases is the subject of an action pending in the EDPA. On May 6, 2026, Defendants commenced *Mirra, et al. v. Berkley*, No. 2:26-cv-03082-GAW (E.D. Pa.), seeking declarations that releases in two settlement agreements bar Plaintiff's claims. On October 8, 2026, Judge Weilheimer directed supplemental briefing on the effect of this action on Plaintiff's motion to dismiss; Plaintiff's brief is due October 28 and Defendants' response is due November 18. E.D. Pa. ECF No. 27. On October 21, Plaintiff asked Judge Weilheimer for a conference to address in-camera submission of the agreements and an expedited schedule for deciding whether the releases are enforceable under New York law, including New York General Obligations Law § 5-336. *See* Exhibit A, Berkley's Letter to Judge Weilheimer. Defendants opposed. E.D. Pa. ECF No. 29. Plaintiff intends to move in that court for partial summary judgment on enforceability. Defendants have refused to submit the agreements to either court, stating only that they will do so if a court directs or orders them to. E.D. Pa. ECF No. 29 at 3; ECF No. 11 ¶ 5.

A stay is warranted because Plaintiff cannot file a complaint without confronting the very question pending in EDPA. Plaintiff commenced this action by summons with notice on September 30, 2026, solely to preserve claims whose limitations periods were about to expire, and Defendants removed it before any defendant had been served. Defendants maintain that the agreements' confidentiality provisions restrict disclosure of the facts underlying Plaintiff's claims, and they have advised Plaintiff's counsel in writing that they "consider any unauthorized disclosure actionable." E.D. Pa. ECF No. 29-1 at 3. A complaint would necessarily describe those facts. Whether those provisions, and the releases, are enforceable is the question before Judge Weilheimer. Indeed, Defendants' motion tells this Court that the enforceability of the releases is "squarely before the Pennsylvania court" and that the Pennsylvania court is "well positioned to resolve it." ECF No. 10 at 2, 7. Requiring a complaint now would force Plaintiff to choose between complying with this Court's order and risking facing the legal claim Defendants have threatened, before any court has decided whether those provisions can be enforced against her.

Defendants ask this Court to enforce the agreements' forum-selection provisions without submitting them. But as the movants, Defendants must make a clear and convincing showing that transfer is warranted, *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010), including that the forum-selection clause is mandatory and that it covers the claims at issue, which Plaintiff disputes. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). Likewise, the releases on which Defendants depend are an affirmative defense, Fed. R. Civ. P. 8(c)(1), which the party invoking them must establish. *Centro Empresarial Cempresa S.A. v. América Movil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011). Neither question can be resolved from a characterization of the agreements, and the Court should not be asked to apply contract terms it has not seen. Defendants have now told two courts, three times, that they will submit the agreements for in-camera review *if directed*. ECF No. 11 ¶ 5; E.D. Pa. ECF No. 1 ¶ 32 & n.1; E.D. Pa. ECF No. 29 at 3. At the same time, they warn that they consider any unauthorized disclosure actionable, which prevents Plaintiff from submitting the agreements herself to support her requests. Plaintiff therefore respectfully asks the Court to direct Defendants to submit them.

The Court has broad discretion to stay proceedings in the interest of efficiency and fairness. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Courts in this District consider the plaintiff's interest in proceeding expeditiously, the burden on the defendants, and the interests of the Court, nonparties, and the public. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). Each factor favors a stay. And a stay conserves this Court's resources, which would otherwise be devoted to a pleading whose permissible scope depends on a ruling pending elsewhere. Defendants will suffer no prejudice: they chose to litigate the agreements in Pennsylvania and have told this Court that the Pennsylvania court should decide their effect.

Plaintiff opposes transfer and disputes Defendants' characterization of the forum-selection clause. Her claims include statutory employment claims under New York law, not disputes relating to enforcement or breach of the agreements, which is the subject of the EDPA action. Holding the transfer motion in abeyance during a stay would allow the Court to decide it, if it remains necessary, with the benefit of the EDPA court's ruling. If the Court prefers to proceed with the transfer motion now, Plaintiff requests a two-week extension of her time to oppose it.

In summary and pursuant to Rule 1(E) of this Court's Individual Rules of Practice, Plaintiff confirms as follows: (1) Plaintiff's complaint is due November 6, 2026, and her opposition to the transfer motion is due October 29, 2026; (2) Plaintiff has made no prior request to extend either deadline; (3) the reasons for the request are set forth above; (4) Plaintiff conferred with Defendants via email beginning October 19, 2026. *See* Exhibit B. Defendants do not consent to the requested stay, nor do they agree to submit the agreements to the Court. Defendants proposed instead to stipulate to stay only the complaint deadline until Judge Weilheimer decides Plaintiff's pending motion to dismiss, on the condition Plaintiff waives her rights to challenge transfer and remand. Plaintiff cannot accept those conditions; (5) Plaintiff proposes an indefinite stay pending the EDPA's decision on the enforceability of the releases, with a joint status letter due seven days after that decision and the complaint due 30 days after the stay is lifted; alternatively, a 90-day stay or a 60-day adjournment of the complaint deadline to January 5, 2027; and, if the transfer motion is not held in abeyance, an opposition deadline of November 12, 2026.

Plaintiff would welcome a conference if it would assist the Court.

We thank the Court for its attention to this matter.

Respectfully submitted,

GODDARD LAW, PLLC
*Attorneys for Plaintiff*

*/s/Megan Goddard*_____________
Megan Goddard
Goddard Law PLLC
39 Broadway, Suite 1540
New York, New York 10006
(646) 964-1178
Megan@goddardlawnyc.com

cc: All counsel of record (via ECF)

The Court will hold a teleconference regarding Plaintiff's request to stay this action on October 28, 2026 at 3:00 p.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 14.

SO ORDERED.

Dated: October 26, 2026

GREGORY H. WOODS
United States District Judge